UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY BOHNERT,<br><br>    Plaintiff,<br><br>    v.<br><br>THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO, et al.,<br><br>    Defendants. | Case No. 14-cv-02854-WHO<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**<br><br>Re: Dkt. No. 10 |

## INTRODUCTION

Plaintiff Kimberly Bohnert has sued the school where she used to teach, Junipero Serra High School, along with the Archdiocese of San Francisco, the Roman Catholic Archbishop of San Francisco (the "Archbishop Corporation"), the Archdiocese of San Francisco Parish and School Juridic Persons Real Property Support Corporation ("Real Property Corporation"), and the Archdiocese of San Francisco Parish, School and Cemetery Juridic Persons Capital Assets Support Corporation ("Capital Assets Corporation"), for hostile environment harassment in violation of Title VII and the California Fair Employment and Housing Act ("FEHA"), and for infliction of emotional distress.[1] Defendants move to dismiss all but the Title VII claims.

Nonprofit religious corporations are exempt from FEHA, so the FEHA claims against defendants Archdiocese of San Francisco, the Archbishop Corporation, the Real Property

---

[1] Bohnert's complaint names five defendants: (i) the Archdiocese of San Francisco, (ii) Junipero Serra High School, (iii) the Archbishop Corporation, (iv) the Real Property Corporation, and (v) the Capital Assets Corporation. Defendants respond that there are only three proper defendant entities because the Archdiocese of San Francisco and Junipero Serra High School are not legal entities separate from the Archbishop Corporation. *See* Opp. at 1 n.1.

1  Corporation, and the Capital Assets Corporation are DISMISSED WITH PREJUDICE.  The
2  FEHA claim against Serra is also DISMISSED because Bohnert has pleaded that Serra is an
3  integrated enterprise with the other defendants.  If it is, then Serra is also exempt from FEHA as a
4  nonprofit religious corporation.  Bohnert is granted LEAVE TO AMEND the FEHA claim against
5  Serra because, at this pleadings stage, it is not clear that she cannot plausibly plead that Serra is an
6  employer subject to liability under FEHA.  Defendants also move to dismiss the emotional distress
7  claims because they do not plead extreme and outrageous conduct and are preempted by the
8  Workers Compensation Act.  As pleaded, I disagree.  The alleged conduct of defendants, including
9  deleting incriminating photographs from students' phones during the investigation, refusing to
10 investigate or take corrective action in this case, and failing to address past incidents of graphic
11 "up-skirt" photographs, is not a normal incident of employment.  Defendants' motion on these
12 claims is DENIED.

## FACTUAL BACKGROUND[2]

Bohnert began teaching science at Serra in the 2006-2007 school year.  Compl. ¶ 11.  On May 15, 2013, Serra's administration learned that an "up-skirt" photograph of a female teacher was being disseminated electronically among the student body.  Compl. ¶ 13.  The next day, the administration met with Bohnert and told her that there was a rumor that similar photographs of her were being circulated among the student body.  Compl. ¶ 14.  Following this meeting, Bohnert determined that the photographs did exist and that a graphic video of Bohnert was being circulated.  Compl. ¶¶ 15-16.  Bohnert conveyed this information and the identities of students that she believed were responsible to administrators on the same day.  Compl. ¶ 16.  On May 17, 2013, Bohnert discovered that the San Mateo Police Department had not been notified.  Compl. ¶ 17.  The administration contacted the police after Bohnert stated she was going to report the incident to the police.  *Id*.

During the police investigation, it was revealed that "up-skirt" photographs were part of a student "challenge" that had been going on for at least three years at Serra.  The police also

---

[2] For purposes of this motion, I assume the truth of Bohnert's allegations.

1 discovered that Serra had conducted its own investigation prior to the police involvement. Compl.
2 ¶¶ 19-20.  During the course of the school's investigation, Serra school administrators allegedly
3 deleted photos from phones confiscated from students, failed to report past incidents of "up-skirt"
4 photographs of other teachers to the police, and failed to verify reports that one of its coaches had
5 directed student athletes to delete such photographs from their phones.  Compl. ¶ 19.  Bohnert
6 alleges that "the Serra administration actively misrepresented the scope and breadth of the
7 problems relating to the photographs and videos to the Serra community and the police, deleted or
8 otherwise destroyed relevant evidence, failed to share all relevant information with the police,
9 failed to take any action to isolate, retrieve or otherwise minimize the ongoing and further
10 distribution of the photographs and videos …."  Compl. ¶ 22.  Bohnert alleges that as a result of
11 the harassment and defendants' failure to take prompt and effective remedial action to correct it,
12 she was forced to take an extended leave in May 2013.  She has not been able to resume her
13 duties.  Compl. ¶ 23.
14     Bohnert has filed a complaint alleging causes of action for: (i) hostile environment
15 harassment in violation of FEHA; (ii) hostile environment harassment in violation of Title VII;
16 (iii) failure to prevent hostile environment harassment in violation of FEHA; (iv) failure to prevent
17 hostile environment harassment in violation of Title VII; (v) intentional infliction of emotional
18 distress; and (vi) negligent infliction of emotional distress.  Compl. ¶¶ 24-52.  Defendants filed a
19 motion to dismiss Bohnert's first, third, fifth, and sixth causes of action for failure to state a claim.
20 Dkt. No. 10.  A hearing on the motion was held on August 13, 2014.

### LEGAL STANDARD

22     Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint
23 if it fails to state a claim upon which relief can be granted.  The court must "accept factual
24 allegations in the complaint as true and construe the pleadings in the light most favorable to the
25 nonmoving party," *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir.
26 2008), drawing all "reasonable inferences" from those facts in the nonmoving party's favor,
27 *Knievel v. ESPN*, 393 F.3d 1068, 1080 (9th Cir. 2005).  A complaint may be dismissed if it does
28 not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, "a complaint [does not] suffice if it tenders naked assertions devoid of further factual enhancement." *Id*. (quotation marks and brackets omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. If the court dismisses the complaint, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

## DISCUSSION

Defendants contend that: (i) Bohnert's first and third causes of action for hostile environment harassment and failure to prevent hostile environment harassment in violation of FEHA fail because defendants are nonprofit religious corporations exempt from FEHA; (ii) Bohnert's fifth and sixth causes of action for intentional infliction of emotional distress and negligent infliction of emotional distress fail because these claims are preempted by the California Workers' Compensation Act; (iii) Bohnert's fifth cause of action for intentional infliction of emotional distress fails because defendants' alleged conduct is not "extreme and outrageous"; and (iv) Bohnert's sixth cause of action for negligent infliction of emotional distress fails because the alleged misconduct cannot be both negligent and intentional.

## I. FEHA CLAIMS: FIRST AND THIRD CAUSES OF ACTION

FEHA prohibits harassment and discrimination in employment. Cal. Govt. Code § 12940 *et seq*. Bohnert alleges that the defendants violated FEHA because their actions subjected her to harassment and they failed to take all reasonable steps necessary to prevent the harassment. Compl. ¶¶ 25, 35. Defendants seek to dismiss the FEHA claims on the grounds that they are nonprofit religious corporations and therefore not covered by FEHA.

The key to determining whether the defendants are exempt from FEHA is whether the defendants are (i) religious associations or corporations not organized for private profit ("nonprofit religious corporations") or (ii) nonprofit public benefit corporations formed by, or affiliated with,

4

a particular religion and that operates an educational institution as its sole or primary activity ("religious nonprofit public benefit educational institution corporations").   Nonprofit religious corporations are not "employers" under FEHA and therefore enjoy broad immunity from FEHA. *See* CAL. GOV'T CODE § 12926(d) (defining "employer" under FEHA as excluding "a religious association or corporation not organized for private profit").  Religious nonprofit public benefit educational institution corporations enjoy more limited immunity from FEHA: they may restrict employment and promotion to members of a particular religion, but are otherwise subject to FEHA.  *See* CAL. GOV'T CODE § 12926.2(f)[3].

The defendants argue that they are all nonprofit religious corporations and therefore not "employers" subject to FEHA.  They have submitted articles of incorporation of the Archbishop Corporation, the Real Property Corporation, and the Capital Assets Corporation, filed with the California Secretary of State, which state that those entities are incorporated as nonprofit religious corporations.  Dkt. No. 9, Exs. A, D-E.  Defendants also submitted financial statements for the Archbishop Corporation which state that the Archbishop Corporation's "operating divisions" include schools and that the Archbishop Corporation's receivables include loans to Serra.  Dkt. No. 9 at 5, 12.  The defendants argue that the financial statements reflect that Serra is a part of the Archbishop Corporation.  Finally, defendants submitted Private School Affidavit Confirmations filed with the California Department of Education which, they contend, demonstrate that Serra "is recognized by the California Department of Education as being a religious non-profit

---

[3] Section 12926.2(f) provides that:

(1) Notwithstanding any other provision of law, a nonprofit public benefit corporation formed by, or affiliated with, a particular religion and that operates an educational institution as its sole or primary activity, may restrict employment, including promotion, in any or all employment categories to individuals of a particular religion.

(2) Notwithstanding paragraph (1) or any other provision of law, employers that are nonprofit public benefit corporations specified in paragraph (1) shall be subject to the provisions of this part in all other respects, including, but not limited to, the prohibitions against discrimination made unlawful employment practices by this part.

5

organization."[4]  Dkt. No. 9; Mot. at 2.

Bohnert concedes that the defendants other than Serra are nonprofit religious corporations not subject to FEHA, but argues that Serra is an "employer" subject to her FEHA-based causes of action. *See* Opp. at 10 ("Indeed, Ms. Bohnert's FEHA-based causes of action cannot be dismissed because Defendants have not established *that Defendant Serra is exempt from the FEHA's definition of employer*.") (emphasis added).  She contends that she is employed by Serra, not the Archbishop Corporation, and that "Serra is a nonprofit educational institution that operates essentially as a nonprofit public benefits corporation." Opp. at 11.  She argues that the articles of incorporation and other documents for which defendants seek judicial notice do not demonstrate that Serra is a division of the Archbishop Corporation, rather than a separate entity.  Bohnert also contends that the legislative history of Section 12926.2 indicates that "the Legislature intended to rein in the seemingly unfettered breadth of the FEHA's religious exemption as applied to hospitals and schools." Opp. at 11.  Bohnert states that she "must be allowed to conduct discovery to explore the nature of Serra as an organization and its relationship to the other named Defendants." *Id*.

In their reply, defendants request judicial notice of a collective bargaining agreement ("CBA") which they contend governs Bohnert's work at Serra.[5]  Dkt. No. 26.  Defendants argue that the CBA demonstrates that the Archbishop Corporation "'operates and maintains Archdiocesan high schools,' which includes Junipero Serra High School."  Defendants also contend that the CBA "is between the Archbishop Corporation and the San Francisco Archdiocesan Federation of Teachers, reflecting that the Archbishop Corporation is Plaintiff's

---

[4] Defendants request that I take judicial notice of the articles of incorporation, financial statements, and, Private School Affidavit Confirmations.  Dkt. No. 9, Exs. A, D-E.  Bohnert does not oppose the request for judicial notice.  I GRANT the request.  *See* FED. R. EVID. 201(b) ("The court may judicially notice a fact that is not subject to reasonable dispute because it … can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").  However, the documents do not compel me to accept the arguments for which they are provided.

[5] Bohnert does not oppose defendants' request for judicial notice of the collective bargaining agreement. Dkt. No. 26.  The request is GRANTED.  *See, e.g., Jones v. AT&T*, 2008 WL 902292, at *2 (N.D. Cal. Mar. 31, 2008) ("case law supports the proposition that the Court may take judicial notice of a CBA in evaluating a motion to dismiss").

employer." Reply at 4. Defendants also note that Bohnert's complaint alleges that all the defendants "are an integrated enterprise and a 'single employer' of Plaintiff for the purposes of this action" and that they "have overlapping ownership and management and centralized control of operation." Reply at 6 (citing Compl. ¶ 9).

Bohnert has pleaded that Serra and the other defendants are a single employer. If that is the case, Serra, like the other defendants, is a nonprofit religious corporation exempt from FEHA. Bohnert has therefore failed to state FEHA-based claims against Serra. However, I am not convinced that Bohnert cannot amend her complaint to state a claim against Serra.[6] *See, e.g., Ziv v. Valley Beth Shalom*, 156 F.3d 1242 (9th Cir. 1998) (reversing dismissal of FEHA claims against school where "[t]he first amended complaint, liberally construed, pleads that the Day School is a subsidiary of the synagogue and has a separate board of directors").

Defendants cite *Henry v. Red Hill Evangelical Lutheran Church of Tustin,* 201 Cal. App. 4th 1041 (2011), for the proposition that a California court has already rejected Bohnert's contention that a religious school operated by a religious organization is not exempt from FEHA. But *Henry* involved judgment entered after trial with a complete factual record, not a motion to dismiss. *See id.* at 1049-50. Defendants may ultimately be correct that Serra is not an "employer" under FEHA and therefore cannot be liable, but the financial statements and other documents submitted by defendants do not foreclose the possibility.[7]

Bohnert's first and third causes of action against the Archdiocese of San Francisco,[8] the Archbishop Corporation, the Real Property Corporation, and the Capital Assets Corporation are

---

[6] The legislative history behind Section 12926.2(f)(1)-(2) confirms that nonprofit public benefit religious affiliated educational institutions are subject to FEHA, other than the ability to restrict employment and promotion to individuals of a particular religion. Defendants do not dispute that nonprofit public benefit religious affiliated educational institutions are subject to FEHA; they assert that Serra is not one.

[7] At oral argument, counsel for Bohnert argued that Serra may be liable as a "joint employer" or that it may be liable by virtue of its control of Serra's employees. I express no view of those theories of liability at this stage.

[8] As noted above, defendants contend that the Archdiocese of San Francisco is not a proper defendant as it is a part of the Archbishop Corporation.

7

DISMISSED WITHOUT LEAVE TO AMEND. Bohnert's first and third causes of action against Serra are DISMISSED WITH LEAVE TO AMEND.

## II. FIFTH AND SIXTH CAUSES OF ACTION: INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### A. The emotional distress claims are not preempted by the California Workers' Compensation Act

The California Workers' Compensation Act provides an exclusive remedy against employers and preempts civil action for certain injuries. CAL. LAB. CODE § 3602. Specifically, when the injury "occurred at the worksite, in the normal course of the employer-employee relationship … workers' compensation is plaintiffs' exclusive remedy for any injury that may have resulted." *Miklosy v. Regents of Univ. of California*, 44 Cal. 4th 876, 902 (2008). But "[w]here a plaintiff's emotional distress claim results from a defendant's misconduct which exceeds the normal risks of the employment relationship, a plaintiff's claim is not preempted by the WCA." *Evans v. Hard Rock Cafe Int'l (USA), Inc.*, 2007 WL 2782775, at *3 (E.D. Cal. Sept. 24, 2007) (citing *Fretland v. County of Humboldt,* 69 Cal.App.4th 1478, 1492 (1999)).

Defendants argue that Bohnert's intentional and negligent infliction of emotional distress claims are preempted by the California Workers' Compensation Act. The alleged conduct clearly occurred during the course of Bohnert's employment. Opp. at 6-7. The question is whether the conduct occurred in the *normal* course of employment. Defendants are correct that a reasonable workplace investigation or legitimate workplace practice falls within the realm of "normal incident of employment." But Bohnert alleges that defendants' investigation was *unreasonable* and that defendants failed to address the sexual harassment Bohnert endured. Defendants' alleged conduct, including failing to report past incidents of "up-skirt" photos to police, refusing to investigate, and deleting incriminating photos from students' phones, was outside the normal course of employment and therefore not preempted by the California Workers' Compensation Act. *See, e.g., Evans*, 2007 WL 2782775, at *3 (infliction of emotional distress claim not preempted where defendant allegedly knew that plaintiff was being subject to sexual harassment and failed to prevent harassment); *Accardi v. Superior Court*, 17 Cal. App. 4th 341, 352-53 (1993) ("claim for emotional distress arising out of sexual harassment is not barred by the exclusivity provisions of

1    workers' compensation laws.")[9], *disapproved on other grounds in Richards v. CH2M Hill, Inc*.

2    (2001) 26 Cal.4th 798, 813-823.

### B. Bohnert has stated a claim for intentional infliction of emotional distress

To prove a claim for infliction of emotional distress, a plaintiff must establish (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct. *Christensen v. Superior Court*, 54 Cal. 3d 868, 903 (1991). Conduct is "outrageous" or "extreme" where it "exceed[s] all bounds of that usually tolerated in a civilized society." *Schneider v. TRW, Inc*., 938 F.2d 986, 992 (9th Cir.1991) (internal quotation and citation omitted). "Where reasonable persons may differ, the trier of fact is to determine whether the conduct has been sufficiently extreme and outrageous to result in liability." *Tekle v. United States*, 511 F.3d 839, 856 (9th Cir. 2007) (internal quotation and citation omitted).

Defendants argue that "Plaintiff fails to allege any extreme or outrageous conduct attributable to Defendants … [and] [i]n essence, Plaintiff is merely unhappy about the promptness and effectiveness of the investigation." Mot. at 9. But Bohnert's allegations are not limited to "mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." *Ankeny v. Lockheed Missiles & Space Co*., 88 Cal. App. 3d 531, 536 (1979) (internal quotation and citation omitted). She alleges that defendants deleted incriminating photographs from students' phones, refused to investigate or take corrective action, and failed to address past incidents of graphic "up-skirt" photographs which had been going on for at least three years. A reasonable observer or trier of fact could find these actions to be "outrageous," "extreme," and beyond "that usually tolerated

---

[9] Defendants argue that Bohnert's reliance on *Accardi* is misplaced because "in *Accardi*, the plaintiff alleged she was harassed by her coworkers, and that her superiors ratified the actions and *affirmatively* participated in the harassment." Reply at 6 (emphasis in original). But Bohnert alleges that Serra affirmatively participated in the hostile work environment through their inaction and took affirmative steps to hide the extent of the problem by deleting photographs from students' phones. *See* Compl. ¶¶ 19, 22.

in a civilized society."[10]

### C. Bohnert can allege both intentional and negligent infliction of emotional distress

Defendants argue that Bohnert cannot allege both intentional and negligent infliction of emotional distress. They are wrong. Federal Rule of Civil Procedure 8(d)(3) provides that "a party may state as many separate claims or defenses as it has, regardless of consistency." Defendants cite *Edwards v. United States Fid. & Guar. Co.*, 848 F. Supp. 1460, 1466 (N.D. Cal. 1994) aff'd, 74 F.3d 1245 (9th Cir. 1996), but that case involved a motion for summary judgment; it says nothing about the supposed impropriety of pleading inconsistent allegations.

## CONCLUSION

Defendants' requests for judicial notice are GRANTED. Dkt. Nos. 9, 26.

Defendants' motion to dismiss is GRANTED IN PART and DENIED IN PART. Dkt. No. 10. Bohnert's first and third causes of action (violations of FEHA) against the Archdiocese of San Francisco, the Archbishop Corporation, the Real Property Corporation, and the Capital Assets Corporation are DISMISSED WITHOUT LEAVE TO AMEND. Bohnert's first and third causes of action against Serra are DISMISSED WITH LEAVE TO AMEND. Defendants' motion to dismiss the fifth and sixth causes of action (infliction of emotional distress) is DENIED. Any amended complaint shall be filed within 30 days of this order.

**IT IS SO ORDERED**.

Dated: September 4, 2014



WILLIAM H. ORRICK
United States District Judge

---

[10] In their reply, defendants argue that "Plaintiff has not sufficiently pled that these specific alleged actions were taken with the intent to cause her severe emotional distress." Reply at 8. I need not address this argument since it was first raised in the reply. In any event, I disagree. Bohnert alleges that defendants' conduct was "done with malice, fraud and/or oppression, and in reckless disregard of Plaintiff's rights" and that "Defendants engaged in the intentional conduct alleged above and/or ratified said intentional conduct." Compl. ¶ 28. That is sufficient at this stage.