UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KIMBERLY BOHNERT,

    Plaintiff,

    v.

THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO, et al.,

    Defendants.

Case No. 14-cv-02854-WHO

**ORDER REGARDING DISCOVERY DISPUTES; GRANTING MOTION TO FILE UNDER SEAL**

Re: Dkt. Nos. 46, 47, 48

The parties have filed joint letter briefs addressing discovery disputes regarding the scope of (i) requests for production propounded by plaintiff on defendant and (ii) subpoenas issued by defendant to plaintiff's health care providers.[1] Dkt. Nos. 46, 47.

I. **PLAINTIFF'S REQUESTS FOR PRODUCTION**

Plaintiff's requests for production numbers 6 and 8 seek documents relating to complaints for the past ten years, made by any female employee of Serra and three other high schools operated by defendant, about employees or students having subjected them to inappropriate behavior, including conduct that was unwelcome and/or actually or potentially sexual or sexist in nature. Plaintiff agreed to limit the request to complaints dating back to 2006. Given that plaintiff alleges that a hostile environment existed at Serra, it is conceivable that complaints by female employees of Serra and the three other high schools operated by defendant are relevant even if the complaints do not characterize the conduct at issue as sexual or gender-based. Plaintiff's request, limited to complaints dating back to 2006, is appropriately tailored to the allegations. Defendant shall produce all responsive documents.

---

[1] Plaintiff's motion to seal the letter regarding defendant's subpoenas is GRANTED. Dkt. No. 48.

Plaintiff's requests for production numbers 7 and 9 seek documents believed, suspected or alleged to have been created or authored by students at Serra and the three other high schools operated by defendant that reflect any female depicted in a sexual, derogatory, hostile, or degrading manner. Defendant seeks to limit the production to documents relating to female *employees*; not any female, as requested by plaintiff.

Plaintiff's request is somewhat overbroad. Defendant may limit its production to documents depicting female employees of the four schools, as it suggested, as well as documents relating to complaints or disciplinary actions dating back to 2006 regarding students' depictions of *any* women in a sexual, derogatory, hostile, or degrading manner at any of the four schools.

## II.     DEFENDANT'S SUBPOENAS

Defendant has issued subpoenas to plaintiff's health care providers seeking documents dating back to 1993. Plaintiff seeks to limit the production to documents dating back to 2004. Plaintiff also requests a "first look" procedure wherein plaintiff's counsel would initially review the documents produced by the health care providers for relevance.

Defendant's request is overly broad. Records dating back to 2004 are sufficient in this case. Once those records are reviewed, defendant can renew its request for earlier records if the reviewed records demonstrate that earlier records are material. Given the sensitive nature of the documents at issue, the "first look" procedure proposed by plaintiff is appropriate and shall be employed.

**IT IS SO ORDERED**.

Dated: November 4, 2014



WILLIAM H. ORRICK
United States District Judge