UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY BOHNERT,<br><br>    Plaintiff,<br><br>    v.<br><br>THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO, et al.,<br><br>    Defendants. | Case No. 14-cv-02854-WHO<br><br>**ORDER REGARDING DISCOVERY DISPUTE OVER SCOPE OF MENTAL EXAMINATION; GRANTING MOTION TO FILE UNDER SEAL**<br><br>Re: Dkt. Nos. 72, 73 |

The parties have submitted a joint letter regarding a dispute over the scope of a Federal Rule of Civil Procedure 35 mental examination of plaintiff.[1]  Dkt. No. 73.  Plaintiff agrees that the examination may inquire into her romantic relationships generally and other personal matters, but she objects to questions regarding her sexual activity, sexual history, or sexual partners. Defendant opposes those restrictions.

The restrictions that plaintiff seeks are GRANTED.  Defendant takes plaintiff as it finds her.  It is liable for injuries causes by its unlawful acts, whether or not plaintiff's past experience makes her more susceptible to injury from sexual harassment than others might be.  *Cf. Ellison v. Brady*, 924 F.2d 872, 879 (9th Cir. 1991) (instructing that harassment should be analyzed from victim's perspective and noting that "because women are disproportionately victims of rape and sexual assault, women have a stronger incentive to be concerned with sexual behavior"). Moreover, defendant has reviewed plaintiff's medical records dating back over a decade and has

---

[1] Defendant filed a motion to seal portions of the joint letter to protect plaintiff's privacy and her medical records.  Dkt. No. 72.  The parties have shown good cause to seal the material at issue and the motion is GRANTED.  A redacted version of the letter has been filed on the publicly accessible docket.  Dkt. No. 73.

pointed to nothing to suggest that her claimed injuries are unrelated to the conduct which she alleges in her complaint. Plaintiff and her family have a right to privacy. She has not placed her sexual history or activities at issue. A fishing expedition into an issue that she has not put at issue and for which there is only speculative relevance is not warranted.

The cases cited by defendant are inapposite, not controlling, and not helpful. In *Franco v. Boston Scientific Corp.*, 2006 WL 3065580, at *2 (N.D. Cal. Oct. 27, 2006), discovery indicated that the plaintiff had a long history of depression and psychological problems predating the incident in question, making a broader mental examination relevant to determine whether her injuries were preexisting. In contrast, as noted, here defendant has reviewed extensive medical records of plaintiff and has pointed to nothing justifying the invasive discovery it seeks. *Barsamian v. City of Kingsburg*, 2008 WL 2168996, at *4 (E.D. Cal. May 22, 2008), involved a plaintiff who alleged that she could no longer handle human contact or maintain interpersonal relationships after the alleged incident. The plaintiff's sexual history may therefore have been relevant in a way that it is not in this case. The remaining cases are from outside of the Ninth Circuit and not compelling.

For the reasons stated, the restrictions that plaintiff seeks are GRANTED. The examination shall not include questions regarding plaintiffs' sexual activity, sexual history, sexual partners, or their absence. The examining psychiatrist also may not question plaintiff regarding the specific details of any treatment of her family members, names of treating physicians, or details of any medical or mental conditions of family members.

**IT IS SO ORDERED**.

Dated: July 13, 2015

WILLIAM H. ORRICK
United States District Judge

2